S. MIMAN ET AL. v. S. EIDMAN & BRO.

(No. 105, Tex. L. J., vol. 1, p. 78.)

APPEAL from Austin County.    Opinion by WINKLER, J.

§ 629. *County court; appellate jurisdiction.* By the third section of the act of August 18, 1876 [Acts 15th Leg. p. 172], it is provided that "the county court shall have appellate jurisdiction in civil causes over which the justices' courts have original jurisdiction, when the judgment of the court appealed from or the amount in controversy shall exceed $20, exclusive of costs." [Rev. Stats. art. 1165.] It is contended, on the part of appellee, that the portion of the statute above set out, in so far as it gives the right of appeal from the justice's to the county court, when "*the amount in controversy*" shall exceed $20, is inoperative and void, because in violation of the constitution on the subject of appeals from justices' courts to the county courts [Const. art. V, sec. 16], which section limited the right of appeal to cases where "*the judgment*" of the court appealed from shall exceed $20, exclusive of costs.

§ 630. *Constitutionality of the law of August 18, 1876.* Sec. 22 of art. V of the constitution provides that "the legislature shall have power, by local or general law, to increase, diminish or change the civil or criminal jurisdiction of the county courts, and in case of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change." *Held*, under the authority conferred by this provision, the legislature could change the jurisdiction of the county court in appellate as well as original matters, and that the act in question is therefore constitutional, and that it is the amount in controversy, and not the amount of the judgment appealed from, which tests the jurisdiction both of the county court and the court of appeals.

March 15, 1877.    Reversed and remanded.